IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK N. HERNANDEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05 C 2263 |
| | ) | |
| CITIFINANCIAL SERVICES, INC., | ) | Hon. Mark Filip |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frank N. Hernandez, Jr. ("Plaintiff" or "Hernandez"), brings suit against CitiFinancial Services, Inc. ("Defendant" or "CitiFinancial"), and alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Before the Court is CitiFinancial's motion for partial judgment on the pleadings. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff is an individual who resides in the Northern District of Illinois. (D.E. 1 ¶ 4.)[1] Defendant is a foreign corporation that does business in Illinois. (*Id.* ¶ 5.) In early 2005, Plaintiff received a one-page form letter ("Letter") from Defendant offering a pre-approved loan. (*Id.* ¶ 6 (referring to D.E. 1, Ex. A).) On the reverse side of the Letter, under the heading "Terms of Offer," the Letter stated in small print that information in Plaintiff's consumer credit report with a credit reporting agency was used in connection with the offer of credit. (*Id.* ¶ 7 (referring

---

[1] The various docket entries in this case are designated "D.E. ___." The Court assumes the validity of the allegations in the Complaint, without taking any position as to whether they are actually true.

1

to D.E. 1, Ex. A).)

Plaintiff had not authorized Defendant to access his credit report or to initiate the transaction that resulted in the loan offer contained in the Letter. (*Id.* ¶¶ 18, 20.) Instead, Plaintiff alleges that Defendant prescreened consumers based on information in credit reports provided by a consumer-reporting agency (*id.* ¶ 9), and after the prescreening process, Defendant sent the same form letter to at least 200 consumers in Illinois, including Plaintiff. (*Id.* ¶¶ 6, 16, 34.)

On April 15, 2005, Plaintiff filed the present suit, a putative class action. (*Id.*) The complaint alleges that the Defendant's Letter violates two FCRA provisions: (1) 15 U.S.C. § 1681b, for failing to make a firm offer of credit (*id.* ¶¶ 23-27(a)); and (2) 15 U.S.C. § 1681m, for failing to provide clear and conspicuous disclosures in connection with the letter. (*Id.* ¶ 27(b), (c), (d).)

Plaintiff's claim under § 1681b, concerning whether Defendant made a firm offer of credit, is not at issue in Defendant's motion. (D.E. 27 at 3.) Defendant's motion relates only to Plaintiff's second claim, concerning the clarity of the disclosures, which alleges a violation of § 1681m(d). (*Id.*) Defendant has moved for judgment on the pleadings on this claim, on the basis that there is no private right of action for violations of § 1681m. (*Id.*) As explained below, this Court agrees with the analysis of a number of district courts in this judicial district, and accordingly grants the motion.

## ANALYSIS

### A.    Legal Standard

"After the pleadings are closed but within such time as not to delay the trial, any party

2

may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b): the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997) (collecting cases). The court, in ruling on a motion for judgment on the pleadings, must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (collecting cases). In evaluating a motion pursuant to Rule 12(c), a court is permitted to consider the pleadings alone. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (collecting cases). The pleadings include the complaint, the answer, and any written instruments attached to those documents as exhibits. *See id.* (citing Fed. R. Civ. P. 10(c) and collecting cases).

**B.     FCRA and its recent amendments**

Under the Fair Credit Reporting Act, unless consumers authorize the release of their credit information or initiate a transaction, their credit reports may be accessed only in the limited, permissible situations set forth in § 1681b(c). One such situation is when a creditor extends a "firm offer of credit" to a consumer. *See* 15 U.S.C. § 1681b(c)(1)(B)(i). In addition to satisfying the firm-offer requirement, a creditor must also make "a clear and conspicuous statement" of certain details. 15 U.S.C. § 1681m(d)(1). Section 1681n provides a private right of action for willful violations of the FCRA, *see* 15 U.S.C. § 1681n, or at least for certain such violations, as discussed further below.

3

Congress enacted the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which amended numerous FCRA provisions. Pub. L. No. 108-159, 117 Stat. 1952 (2003). Section 311(a) of FACTA added subsection (h) to § 1681m of the FCRA. *See* FACTA, Pub. L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89 (2003). Paragraph (8) of the amended § 1681m(h) reads:

> Enforcement
>
> (A) No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement. This section shall be enforced exclusively under § 1681s by the Federal agencies and officials identified in that section.

15 U.S.C. 1681m(h)(8). The "Federal agencies and officials" identified via the reference to 15 U.S.C. § 1681s include the Federal Trade Commission, the Federal Deposit Insurance Corporation, the Comptroller of the Currency, the Secretary of Agriculture, and State regulators, among other government regulators, under various circumstances. *See* 15 U.S.C. § 1681s. The revised enforcement provisions of § 1681m(h) became effective on December 1, 2004. *See Murray v. Household Bank (SB), N.A.*, 386 F. Supp. 2d 993, 996 (N.D. Ill. 2005) (Gettleman, J.).

### C. Interpretation of § 1681m

The question before the Court is whether there is a private right of action to enforce § 1681m—or, put differently, whether § 1681m(h)(8)(A) eliminated any putative private right of action under § 1681n for willful violations of § 1681m. Defendant interprets the term "section" in § 1681m(h)(8)(A) as referring to section 1681m in its entirety, and therefore concludes that the FCRA does not, at least now, include a private right of action concerning alleged violations of

4

section 1681m. (*See* D.E. 27 at 4.) As a result, Defendant argues that Plaintiff's suit for an alleged violation of § 1681m(d)—brought after the effective date of § 1681m(h)(8)—is barred. (*Id.* at 4.) Plaintiff responds with several arguments for why the term "section" in § 1681m(h)(8)(A) should be read to refer only to subsection 1681m(h). (D.E. 35 at 5-13.) Under Plaintiff's interpretation, unsurprisingly, his § 1681m(d) claim survives the FACTA amendment. (*Id.* at 1.) The Court agrees with its fellow district courts that have looked at this question, and finds that the term "section" in § 1681m(h)(8)(A) means section 1681m in its entirety, and thus serves to bar Plaintiff's § 1681m(d) claim.

In five other cases in the Northern District of Illinois, Plaintiff's counsel has raised this precise issue relating to § 1681m and has made nearly identical arguments. In each case, the respective district court rejected the arguments and concluded that § 1681m(h)(8) denies a private right of action for any violations of § 1681m. *See Murray v. Cingular*, No. 05 C 1334, Order at 2 (N.D. Ill. Nov. 2, 2005) (Manning, J.) (granting defendant's motion for judgment on the pleadings after adopting the reasoning in *Murray v. Household Bank*, 386 F. Supp. 2d 993 (N.D. Ill. 2005), and finding that "§ 1681m(h) eliminated any private right of action for violations of § 1681m"); *Pietras v. Curfin Oldsmobile, Inc.*, No. 05 C 4624, 2005 WL 2897386, at *4-5 (N.D. Ill. Nov. 1, 2005) (Conlon, J.) (determining that "a private right of action is no longer available under § 1681m" and dismissing private plaintiff's § 1681m(d) claim with prejudice); *Perry v. First Nat'l Bank*, No. 05 C 1470, 2005 U.S. Dist. LEXIS 23100, at *3 (N.D. Ill. Sept. 13, 2005) (Gettleman, J.) (granting defendant's motion for summary judgment on the basis that "amendments to the FCRA have eliminated private rights of action under § 1681m"); *Murray v. Household Bank*, 386 F. Supp. 2d at 999 (granting motion for judgment on the

pleadings on the same grounds and dismissing private plaintiff's § 1681m(d) claim); *Murray v. Cross Country Bank*, ___ F. Supp. 2d ___, 2005 WL 2644961, at *1 (N.D. Ill. Aug. 15, 2005) (Zagel, J.) (granting motion to dismiss § 1681m(d) claim for similar reasons). A district court in the Central District of California has also recently ruled that "the enforcement provision found in section 1681m(h)(8) applies to the entirety of section 1681m, including, of course, 1681m(d)." *See Phillips v. New Century Fin. Corp.*, No. SA CV 05-0692, Order at 5 (C.D. Cal. Nov. 9, 2005) (Carter, J.) (citing with approval to the recent Northern District of Illinois cases and applying similar reasoning to dismiss § 1681m(d) claim with prejudice).

Plaintiff correctly asserts that the Northern District of Illinois decisions (as well as the Central District of California decision) are not binding on this Court. (*See* D.E. 35 at 2-3 (citing *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990), for the proposition that a decision of a district court is not binding authority on other courts within the district).) The parties do not cite, nor has the Court found, any circuit court decision on this particular issue of statutory construction. Nonetheless, as the Seventh Circuit taught in *TMF Tool*, "it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court." *Id.*, 913 F.2d at 1191. After careful consideration, the Court finds the reasoning in these recent district court opinions persuasive. The Court accordingly joins with those district courts and concludes that there is no private right of action for violations of § 1681m and that enforcement is instead left to government regulators.

As Judge Gettleman noted in *Murray v. Household Bank*, "'Congress ordinarily adheres to a hierarchical scheme in subdividing statutory sections,' and the Senate and House manuals each provide that sections are to be divided in descending order into subsections, paragraphs,

6

subparagraphs, and clauses." *Id.*, 386 F. Supp. 2d at 997 (quoting *Koons Buick Pontiac GMC, Inc. v. Nigh*, 125 S.Ct. 460, 467 (2004)). Within § 1681m(h), the FCRA refers to § 1681n, § 1681o, and § 1681s as "sections," indicating that a section is denominated with the first letter after the number. *Id.*; *accord Murray v. Cross Country Bank*, 2005 WL 2644961, at *1. In addition, § 1681m(h) uses the term "subsection (a)" to refer to § 1681m(a), indicating that a subsection is demarcated by the second letter in parentheses. *See Murray v. Household Bank*, 386 F. Supp. 2d at 997; *accord, e.g., Murray v. Cross Country Bank*, 2005 WL 2644961, at *1; *Pietras*, 2005 WL 2897386, at *3. This distinct usage of "section" and "subsection," which is in accordance with the hierarchical statutory scheme described by the Supreme Court in *Koons Buick*, "demonstrates that Congress recognized their different meanings and could have limited the administrative enforcement provision [§ 1681m(h)(8)] to a 'subsection' instead of applying it to the entire 'section.'" *Murray v. Cross Country Bank*, 2005 WL 2644961, at *1 (citation omitted)); *accord, e.g., Murray v. Household Bank*, 386 F. Supp. 2d at 997; *Pietras*, 2005 WL 2897386 at *3; *see also Bates v. United States*, 522 U.S. 23, 29-30 (1997) (collecting cases and teaching that "it is generally presumed that Congress acts intentionally and purposely" in using particular and different statutory language) (internal quotation marks and citation omitted). Therefore, the Court concludes that the term "section" in § 1681m(h)(8) should be given its apparent meaning—and the meaning consistent with the Congressional manuals on drafting—that there is no private right of action for all of section 1681m. *Accord Murray v. Household Bank*, 386 F. Supp. 2d at 999 ("On its face, it [§ 1681m(h)(8)] eliminates all private rights of action under that section of the FCRA, § 1681m"); *Phillips*, Order at 7 ("[T]he Court will presume that Congress, in using the word 'section,' meant section—not 'subsection,' as

Plaintiff urges.").

In addition, the Court is also persuaded by Judge Zagel's argument that the placement of § 1681m(h)(8) supports the interpretation that it applies to the whole of § 1681m. *Murray v. Cross Country Bank*, 2005 WL 2644961, at *1. As Judge Zagel noted, § 1681m(h)(8) is the last provision of § 1681m, and the only provision dealing with enforcement, and as such, it seems reasonable to apply the provision to all of § 1681m. *Id*; *accord Phillips*, Order at 4.

In an attempt to rebut the apparent import of § 1681m(h)(8), Plaintiff argues that Congress on occasion used the word "section" to refer to what is designated in the Congressional style manuals as a "subsection" and not a "section." (D.E. 35 at 5.) For example, Plaintiff points out that § 311(b) of FACTA uses the term "section 615(h)" to refer to § 1681m(h). (*Id.*) However, as Judge Gettleman explained in *Murray v. Household Bank*:

> [i]n these instances . . . the word "section" appears immediately adjacent to the number and is clearly intended to replace the "§" symbol, which is typically used to denote that it precedes a citation to a statute. Thus, the word "section" in these parts of the statute, unlike § 1681m(h)(8), do [sic] not indicate the precise hierarchical ranking of the provision cited.

*Id.*, 386 F. Supp. 2d at 997 n.4; *accord Pietras*, 2005 WL 2897386, at *4. The Court agrees with the reasoning of the prior decisions and similarly finds that Congress was not ambiguous in using the term section in this way in limited instances. To the contrary, the fact that Congress expressly specified subsidiary provisions when using the term in this manner (*e.g.*, "section 615(h)") reinforces the conclusion that Congress appreciated that, if it was going to use the term "section" to refer to something less than a full section of the statute, then it needed to include a specific reference to the subsection or paragraph denominated. Otherwise, in the absence of such particular specification, an unvarnished use of the term "section" was indeed a reference to the

8

section indicated. *Accord Pietras*, 2005 WL 2897386, at *4 ("A close examination of drafting style reveals that Congress used the term 'section' whenever full section numbers are identified.").

Plaintiff also argues that if all references to "section" in § 1681m(h) are taken literally, § 1681m(c) becomes superfluous and redundant because both § 1681m(h)(7) and § 1681m(c) create a "reasonable procedures" defense. (D.E. 35 at 7.) The problems with this argument were addressed in *Pietras*:

> [i]f the court, as Pietras suggests, interprets the term "section" in § 1681m(h) to mean "subsection," it must give the same meaning to six other references to "this section" in § 1681m. Two of the reference appear in § 1681m(c):
>
> > (c) Reasonable procedures to assure compliance
> > No person shall be held liable for any violation of *this section* if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of *this section*.
>
> 15 U.S.C. § 1681m(c) (emphasis added). Interpreting these two references to mean "this subsection" would make no sense because § 1681m(c) itself provides no rules for compliance or violation.

*Pietras*, 2005 WL 2897386, at *4-5 (internal citations omitted); *accord Phillips*, Order at 4. Plaintiff similarly argues that amendments to § 1681s-2(c) exempting § 1681m(e) from private remedies would be unnecessary if all of § 1681m were already exempt from private remedies by virtue of § 1681m(h)(8). (*See* D.E. 35 at 8.) While precedent sets forth the canon that "a statute should be interpreted so as not to render one part inoperative, superfluous or meaningless," *McClain v. Retail Food Employers Joint Pension Plan*, 413 F.3d 582, 587 (7th Cir. 2005) (internal quotation marks and citation omitted), precedent also instructs that this canon is often not dispositive because "[r]edundant provisions are not unusual in statutes." *Pietras*, 2005 WL

9

2897386, at 5 (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) ("[r]edundancies across statutes are not unusual events in drafting"); *accord, e.g., Lamie v. United States Trustee*, 540 U.S. 526, 536 (2004) ("Surplusage does not always produce ambiguity and our preference for avoiding surplusage constructions is not absolute. Where there are two ways to read the text—either attorney is surplusage, in which case the text is plain; or attorney is nonsurplusage . . . in which case the text is ambiguous—applying the rule against surplusage is, absent other indications, inappropriate. We should prefer the plain meaning since that approach respects the words of Congress.") (various internal parentheticals and internal citation omitted for clarity); *Edwards v. United States*, 814 F.2d 486, 490 (7th Cir. 1987); *Shook v. District of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 132 F.3d 775, 782 (D.C. Cir. 1998). Furthermore in this regard, and as Judge Gettleman explained, even Plaintiff's proposed reading would produce redundancies. *See Murray v. Household Bank*, 386 F. Supp. 2d at 997-98 (discussing § 1681(m)(c) and § 1681m(h)(7) redundancies created by Plaintiff's proposed reading). So Plaintiff's proposed reading is hardly ideal. At the end of the day, in the battle of canons, precedent teaches that "a court should always turn first to one cardinal canon before all others . . . courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Germain*, 503 U.S. at 253-54. Because the Court must presume that the legislature means what it says, the Court finds that the meaning of "section" in § 1681m(h) is section 1681m in its entirety. *Accord Lamie*, 540 U.S. at 536.

In his brief, Plaintiff argues that the Court should consider the legislative history of the statute at issue. (*See, e.g.*, D.E. 35 at 8-9 (referring to "statements by the legislators").) In *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611 (2005), the Supreme Court recently

reiterated the limitations imposed on courts in considering extrinsic materials: "[a]s we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Id.* at 2626. "Under *Exxon Mobil*, which bars resort to legislative history to alter the 'plain terms' of a statute, it would be improper to consider legislative history here because plaintiffs have failed to point to any textual ambiguity in § 1681m(h)(8) and the court cannot identify any." *Murray v. Household Bank*, 386 F. Supp. 2d at 998-99 (citing *Jacobs v. Bremner*, 378 F. Supp. 2d 861, 866 (N.D. Ill. 2005) (Shadur, J.)); *accord Pietras*, 2005 WL 2897386, at *5. As discussed above, the Court has determined that the term "section" as used in § 1681m(h)(8)(A) unambiguously refers to § 1681m in its entirety; therefore, the inquiry must end. *See Exxon Mobil*, 125 S.Ct. at 2626; *accord, e.g., Germain*, 503 U.S. at 254 ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981); further citation omitted).

Moreover, even if the Court accepted Plaintiff's invitation to consider the relevant legislative history, it would not help his case. Plaintiff asserts that the legislative history of FACTA is silent regarding the continuing viability of a private right of action under § 1681m, and then argues that this silence supports his interpretation of § 1681m(h)(8). (*See, e.g.*, D.E. 35 at 10.) Plaintiff's argument is flawed, however, because as the Supreme Court has explained, the absence of legislative history is not an appropriate basis for ignoring statutory language actually enacted by Congress. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 386 n.2 (1992) ("Suffice it to say that legislative history need not confirm the details of changes in the law

effected by statutory language before we will interpret that language according to its natural meaning.") (citation omitted). Therefore, the proffered legislative history does not assist Plaintiff, even if it were properly considered.[2]

Finally, Plaintiff asserts that there is some sort of "scrivener's error" in § 1681m(h)(8)(A), and that the Court should correct it. (D.E. 35 at 13.) The Court declines Plaintiff's invitation. As the Supreme Court recently stated in *Exxon Mobil*, even if the Court concluded that the statute contained an unintentional drafting error, "it is up to Congress, rather than the courts to fix it." *Id.*, 125 S.Ct. at 2624; *see, e.g., Murray v. Household Bank*, 386 F. Supp. 2d at 998 (citing *Exxon Mobil*, 125 S.Ct. at 2624). The Court also respectfully rejects any suggestion that the apparent meaning of § 1681m(h)(8) should be disregarded because it produces an absurd result. In § 1681m(h)(8), Congress provided that enforcement of § 1681m is left in the hands of a number of federal and state regulators. Reasonable people could surely debate whether additional enforcement via a private cause of action is desirable or not. However, the government enforcement mechanism provided by Congress in § 1681m(h)(8) cannot, in any fair sense of the term, be deemed absurd. *Accord Pietras*, 2005 WL 2897386, at *3.

---

[2] Plaintiff also appears to suggest that the apparent textual directive in § 1681m(h)(8) should not be taken at face value because, prior to the FACTA, some lower court decisions reflect that private plaintiffs had advanced claims under § 1681m. (*See* D.E. 35 at 11- 12.) As the Supreme Court has held, even where lower courts have widely held that a particular statute provides a private right of action or should be interpreted in a particular manner, those decisions should not be understood to have been ratified or adopted by subsequent Congressional silence. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 186 (1994). Here, moreover, Congress has not been silent; instead, it enacted legislation that, via § 1681m(h)(8), expressly states that there is no private right of action for § 1681m violations and that enforcement is instead left to a number of federal and state regulatory authorities. As a result, prior lower court decisions do not assist the statutory analysis or produce Plaintiff's desired result.

## CONCLUSION

For the reasons stated herein, the Court grants Defendant's motion for partial judgment on the pleadings.

So ordered.

*Mark Filip*
Mark Filip
United States District Judge
Northern District of Illinois

Dated: 12/9/05

13