# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK N. HERNANDEZ, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 05 C 2263 |
| ) | |
| v. ) | Judge Mark Filip |
| ) | |
| CITIFINANCIAL SERVICES, INC., ) | Magistrate Judge |
| ) | Martin C. Ashman |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frank N. Hernandez, Jr., filed a class action suit against Defendant, Citifinancial Services, Inc., to secure redress for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Defendant now moves to compel discovery against Plaintiff for documents and information that Plaintiff has, to date, failed and refused to provide. For the reasons that follow, Defendant's motion is denied.

## I. Discussion

According to Plaintiff's Complaint, in early 2005, Plaintiff received an unsolicited mailer from Defendant that contained an offer of credit. That mailer also stated: "Information contained in your consumer credit report with a credit reporting agency was used by us in connection with this offer of credit." (Pl.'s Compl. at 2, Ex. A.) Under the FCRA, in order to obtain Plaintiff's consumer credit report, Defendant must receive written consent from Plaintiff or have a permissible purpose, such as the extension of a firm offer of credit or insurance to Plaintiff. 15 U.S.C. §§ 1681b, 1681m(d). Plaintiff claims that Defendant's unsolicited offer is vague and

totally lacking in terms and therefore does not constitute a firm offer, as defined in Section 1681m(d) of the FCRA. (Pl.'s Compl. at 4.) Plaintiff concludes that Defendant lacked a permissible reason when it obtained Plaintiff's consumer credit report and therefore violated the FCRA. (Id.)

Defendant argues that Plaintiff's financial position and credit status at the time and after he received Defendant's offer of credit is critical to whether he can pursue his claims, both individually and as a class representative. (Def.'s Mot. at 4.) Attempting to determine whether Plaintiff may pursue his claims, on February 23, 2006, Defendant served its Second Discovery Requests to Plaintiff. Dissatisfied with Plaintiff's response, Defendant now moves to compel Plaintiff to produce documents and information in response to Defendant's Requests for Production Nos. 4, 6 and 7. (Id.) These requests for production relate directly to Plaintiff's personal financial information and are the types of information that a financial institution might request when making a credit decision. (Id.) Specifically, the requests for production seek:

> **Request 4.** Copies of any loan documents you have executed at any time since January 1, 1995.
>
> **Request 6.** Documents sufficient to identify the following:
>   a. Your last three residential addresses.
>   b. Your last three employers.
>   c. Your current compensation.
>   d. Any and all of your total assets for any period from January 1, 2003 to present.
>   e. Any and all of your total liabilities from January 1, 2003 to present.
>
> **Request 7.** Your last two state and federal tax returns.

(Def.'s Mot. at 4-6.)

Plaintiff objects to Defendant's requests on the grounds that they are overly broad, unduly burdensome, and totally irrelevant to the issues in this case. According to Defendant, it is entitled to Plaintiff's financial information because (1) the FCRA allows lenders to verify specific criteria bearing on credit worthiness in determining whether to extend credit, (2) under *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004), courts must consider the entire offer and all material conditions, including consumer's financial information and eligibility for the offer in question, and (3) under *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), courts must permit discovery to determine whether plaintiff is a "normal" consumer and whether plaintiff would have accepted the offer if it had been made. (Def.'s Mot. at 2-3.)

The FCRA states, in relevant part, that a consumer reporting agency may furnish a consumer's report to a person it has reason to believe intends to use the information in connection with a credit transaction involving the extension of credit to that consumer. 15 U.S.C. §§ 1681b(a)(3)(A), 1681b(c)(1). Where the consumer has not initiated the transaction in question, however, the consumer reporting agency may only furnish the consumer report where the transaction consists of a firm offer of credit. 15 U.S.C. § 1681b(c)(1)(B)(I). A firm offer of credit means any offer of credit to a consumer that will be honored if the consumer is determined, based on information in the consumer's credit report, to meet the specific criteria used to select the consumer for the offer. 15 U.S.C. § 1681a(l). However, the offer may be further conditioned on the following: (1) the creditor may apply additional pre-selected criteria bearing on the consumer's credit worthiness, (2) the firm offer may be conditioned on verification that the consumer continues to meet specific criteria used to select the consumer for the offer, and (3) the offer may be conditioned on the consumer's furnishing any collateral that was both established

before the selection of the consumer for the offer and disclosed to the consumer in the offer. 15 U.S.C. § 1681a(l)(1)-(3).

Two cases clearly delineate Seventh Circuit law on this issue. In *Cole v. U.S. Capital, Inc.*, a district court dismissed a FCRA claim, finding that defendant lender had extended a firm offer of value because it appeared that plaintiff was guaranteed at least a $300 credit toward the purchase of a new car. 389 F.3d at 724-25. On appeal, the Seventh Circuit explained that the FCRA permits disclosure of consumers' credit reports only where lenders make an offer of value (as opposed to extending sham offers, catalogs, or mere sales pitches). *Id.* at 726-27. According to the Seventh Circuit, in order to determine whether an offer has value, courts must look within the four corners of the offer and consider the entire offer, including the effect of all the material conditions that comprise the credit product in question. *Id.* at 728. Material conditions must be assessed because an offer may contain terms that change the actual amount of money or interest rates available to consumers, thereby rendering any dollar figures meaningless. *Id.* The *Cole* Court concluded that, if the lender is not clearly guaranteeing something of value, then there are no grounds for violating consumers' privacy, and the lender has violated the FCRA. *Id.* The *Cole* Court then found that the $300 credit may be a sham offer and/or not guaranteed, and reversed and remanded the case. *Id.*

In *Murray v. GMAC Mortgage Corp.*, also a FCRA case, defendant sought to block a class action law suit filed by 1.2 million recipients of defendant's credit offer by arguing that a court cannot know whether a firm offer of credit has been made without examining the financial circumstances of every recipient. 434 F.3d at 955. The Seventh Circuit, sitting en banc, took the opportunity to elaborate on *Cole* and held that, under the FCRA, courts do not assess the value,

and therefore firmness, of an offer on a consumer-by-consumer basis but rather look to see if the "normal" consumer finds value in the offer. *Id.* at 955-56. The *Murray* Court explained that terms of the offer and not the idiosyncratic circumstances of the recipients determines whether a lender violated the FCRA when it obtained consumers' credit reports in the first place. *Id.* In other words, by the time a consumer receives an offer in the mail, the consumer's private credit report has already been shared and the only issue remaining is whether the lender has extended a firm offer or violated the FCRA. Concluding that nothing in *Cole* or *Murray* supports an *ex post* analysis of the offer, the *Murray* Court rejected defendant's argument that each recipient's financial information must be evaluated before a class action suit could proceed. *Id.* at 956.

Based on *Cole* and *Murray*, the Court finds that Defendant is not entitled to the financial information requested above because (1) whether Defendant extended a firm offer in its mailer does not depend on the idiosyncracies of the consumers/recipients, and (2) the *ex post* analysis that Defendant seeks has been explicitly rejected by the Seventh Circuit. Contrary to Defendant's claim, the *Cole* Court's discussion of the "entire offer" and "material conditions" clearly aims to protect consumer privacy by demanding greater scrutiny of the lenders' offers and cannot be read to make the individual consumer's financial information part of the firm offer analysis. *Cole*, 389 F.3d at 728. Furthermore, Defendant's suggestion in its brief that the *Cole* Court's failure to grant summary judgment somehow supports Defendant's arguments is not persuasive. The *Cole* Court ruled on a motion to dismiss not a motion for summary judgment. The *Cole* Court's decision to reverse and remand the dismissal of plaintiff's case, instead of simply entering judgment for plaintiff, can be explained on numerous grounds stated by that court that—unlike Defendant's theory—do not require the *Cole* Court to reject the argument and reasoning set out in its opinion.

Finally, Defendant misinterprets *Murray* when it argues that Plaintiff's financial information must be evaluated in order to determine if Plaintiff is a "normal" consumer. The *Murray* Court rejects Defendant's consumer-by-consumer analysis and uses the hypothetical "normal" consumer to focus the firm offer inquiry squarely on the material conditions and terms proposed by the lender. The four corners of the offer are within the control of Defendant and the decision to honor such an offer, if it is accepted, is also within Defendant's control; "[how else could someone in [Defendant's] position know whether it was lawful to obtain credit information in the first place?"[1] *Murray*, 434 F.3d at 956.

## II. Conclusion

For the reasons stated above, Defendant's motion is denied.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
Dated: June 21, 2006.  United States Magistrate Judge

---

[1] Defendant claims that every recipient of its mailer receives a firm offer but the specific terms of that consumer's offer are only determined after the consumer's credit worthiness is assessed. Defendant concludes that Plaintiff's information is necessary for determining which offer he might have qualified for and whether he is suitable to represent the class. This argument has been addressed and rejected by the Seventh Circuit. In short, if Defendant is merely pitching a variety of credit offers with undefined terms and without knowing which consumers will qualify for which offers, then Defendant's mailers amount to catalogs or sales materials and are not permitted under the FCRA, *Cole*, or *Murray*. *Murray*, 434 F.3d at 956; *Cole*, 389 F.3d at 726.

Copies have been mailed to:

| | |
|---|---|
| DANIEL A. EDELMAN, Esq.<br>CATHLEEN M. COMBS, Esq.<br>JAMES O. LATTURNER, Esq.<br>THOMAS E. SOULE, Esq.<br>Edelman, Combs, Latturner<br>  & Goodwin, L.L.C.<br>120 South LaSalle Street<br>18th Floor<br>Chicago, IL 60603 | RICHARD E. GOTTLIEB, Esq.<br>ARTHUR F. RADKE, Esq.<br>GLENN L. HARA, Esq.<br>Dykema Gossett, P.L.L.C.<br>10 South Wacker Drive<br>Suite 2300<br>Chicago, IL 60606 |
| Attorneys for Plaintiff | Attorneys for Defendant |